# UNITED STATES DISTRICT COURT
# DISTRICT OF LOUISIANA
# WESTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; HOUSE OF CASH, INC.; EYEBALL MUSIC, a division of ALLIGATOR RECORDS & ARTIST MANAGEMENT, INC.; INTERIOR MUSIC CORP; | |
| Plaintiffs, | CIVIL ACTION NO.: 16-cv-75 |
| v. | |
| THE CENTER STAGE OF LAKE CHARLES LLC d/b/a THE CENTER STAGE; and CALEB HYATT, individually | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Eyeball Music is a division of Alligator Records & Artist Management, Inc., a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Interior Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Defendant The Center Stage of Lake Charles, LLC is a limited liability company organized and existing under the laws of the State of Louisiana which operates, maintains and controls an establishment known as The Center Stage, located at 3426 Ryan Street, Lake Charles, Louisiana, in this district (the "Establishment").

9. In connection with the operation of the Establishment, Defendant The Center Stage of Lake Charles, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

10. Defendant The Center Stage of Lake Charles, LLC has a direct financial interest in the Establishment.

11. Defendant Caleb Hyatt is a Member of Defendant The Center Stage of Lake Charles, LLC with responsibility for the operation and management of that LLC and the Establishment.

12. Defendant Caleb Hyatt has the right and ability to supervise the activities of Defendant The Center Stage of Lake Charles, LLC and a direct financial interest in that LLC and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

13. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 12.

14. Since March 2014, BMI has reached out to Defendants over forty-five (45) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

15. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against

Defendants.

16. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

17. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

18. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

19. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

20. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

21. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: January 18, 2016

        By:    /s/ *Mark A. Balkin*
                Mark A. Balkin (LA Bar # 24952)
                Joseph C. Chautin, III (LA Bar # 24995)
                **Hardy, Carey, Chautin & Balkin, LLP**
                1080 West Causeway Approach
                Mandeville, LA 70471
                Tel: (985) 629-0777
                Fax: (985) 629-0778
                mbalkin@hardycarey.com

                *Attorney for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. |
| Line 5 | Date(s) of Registration | 2/13/84     1/13/83     9/14/56     11/30/55 |
| Line 6 | Registration No(s). | RE 196-295    RE 153-380    Ep 102326    EU 418371 |
| Line 7 | Date(s) of Infringement | 02/14/2015 |
| Line 8 | Place of Infringement | The Center Stage |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Give Me Back My Wig |
| Line 3 | Writer(s) | Theodore Taylor |
| Line 4 | Publisher Plaintiff(s) | Eyeball Music, a division of Alligator Records & Artist Management, Inc. |
| Line 5 | Date(s) of Registration | 12/12/73 |
| Line 6 | Registration No(s). | Eu 450948 |
| Line 7 | Date(s) of Infringement | 02/15/2015 |
| Line 8 | Place of Infringement | The Center Stage |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Use Me |
| Line 3 | Writer(s) | Bill Withers |
| Line 4 | Publisher Plaintiff(s) | Interior Music Corp. |
| Line 5 | Date(s) of Registration | 12/13/00     4/24/72 |
| Line 6 | Registration No(s). | RE 832-587     Eu 325138 |
| Line 7 | Date(s) of Infringement | 02/14/2015 |
| Line 8 | Place of Infringement | The Center Stage |