UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

BRAODCAST MUSIC, INC, ET AL        :        DOCKET NO. 16-cv-00075

VERSUS                              :        JUDGE TRIMBLE

CENTER STAGE OF
LAKE CHARLES, LLC, ET AL            :        MAGISTRATE JUDGE KAY

## ORDER

Before the court is a Motion to Reconsider Motion for Entry of Default filed by plaintiffs. Doc. 18. In this motion plaintiffs ask the court to reconsider its order issued on January 18, 2017 [doc. 16] denying their motion for entry of default against Center Stage of Lake Charles, LLC ("Center Stage"). In denying the motion for default the court stated:

> The executed summons purported to evidence service on the defendant Center Stage of Lake Charles LLC shows that service was made on "Daren Hyatt who is designated by law to accept service of process" on behalf of the LLC. Review of the online records of the Louisiana Secretary of State indicate that Caleb Hyatt is the registered agent for service of process for this entity. Accordingly it does not appear that service of process has been properly made and the motion is DENIED.

Doc. 16. In support of their motion to reconsider plaintiffs argue: 1) that Center Stage was properly served and 2) that, even if service was not proper, it waived the issue by filing a responsive pleading.

First, we address plaintiffs' second argument.

A document attached to a pleading filed by pro se defendant Caleb Hyatt was originally docketed as "deficient answer" filed on behalf of Center Stage. After further review, however,

this court ordered that the attachment be docketed as a motion and that the motion be stricken "for failure of any party or attorney acting on behalf of the party to sign the Motion." Doc. 20. Thus, no responsive pleading has been filed on behalf of Center Stage and this argument is without merit.

Plaintiffs next argue, citing the case of *Bossier v. Katsur,* 2016 WL 1268340 (E.D. La. March 31, 2016), that, because Caleb Hyatt, the registered agent for service of process for Center Stage, received "actual notice" of the lawsuit, service is proper. Plaintiffs contend that Caleb Hyatt received a copy of the complaint along with his personal summons when he was served in his capacity as an individually named defendant. Thus, plaintiffs argue that Caleb Hyatt has notice of the suit and it would be impractical to require service on him as the agent for the LLC.

We disagree. The case plaintiffs rely on is distinguishable from the facts here. In *Bossier* the court refused to set aside a default judgment finding that Katsur, an individually named defendant who admitted that she had received a copy of the lawsuit and consulted with an attorney prior to the default judgment being entered, had received actual notice of the lawsuit. Here, there are two distinct defendants, namely Center Stage, LLC and Caleb Hyatt. Although Caleb Hyatt was served in his individual capacity he has not accepted service on behalf of the LLC. Although this may seem "impractical," the federal rules dictate the procedure for service on an LLC.

Federal Rules of Civil Procedure Rule 4(h) provides that service can be made on an unincorporated association by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4. Plaintiffs served Daren Hyatt, an employee of Center Stage. As we explained in our previous order, this service is not proper.

-3-

For these reasons, the motion for reconsideration [doc. 18] is DENIED.  Plaintiffs have 45 days from the date of this order to effect service on the defendant, Center Stage of Lake Charles, LLC.

THUS DONE AND SIGNED in Chambers this 24th day of February, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE